UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christa Casillas,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Civica Nevada Career and Collegiate Academy, et al.,<br><br>　　　　　　Defendants. | 2:25-cv-02184-CDS-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2) AND DENYING MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 4) WITHOUT PREJUDICE** |

Pro se plaintiff Christa Casillas filed an *Application to Proceed in Forma Pauperis* ("IFP") and a *Motion for Pro Se Litigant to File Electronically* ("Motion"). ECF Nos. 2 and 4. The Court **DENIES** plaintiff's IFP application and the Motion without prejudice, with leave to refile.

I.　**LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

II.     PLAINTIFF'S IFP APPLICATION

Plaintiff filed the short form IFP application. *ECF No. 2*. Plaintiff states that in the last twelve

months, she received $2,416 in wages and takes home $600 per week. *Id*. She states that she receives additional income from a business and other sources: she states that she receives $42,600 from teaching and $1800 from a non-profit, but she does not provide any further explanation about this extra income. *Id*. Plaintiff states that she has about $1,200 in the bank. *Id*. She leaves the question that asks about her assets blank and does not provide an explanation regarding why she left it blank. *Id*. Plaintiff states that she has about $2,520 in bills per month, including $750 for car expenses and $870 for a mortgage but does not list a vehicle or a real estate in response to Question No. 5. *Id*.  Plaintiff also states she is receiving unemployment benefits in response to Question No. 2 but does not identify how much monthly benefits she receives.

      Given the plaintiff's high income, and her lack of an explanation regarding her assets the Court finds that her IFP application is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that she qualifies for IFP status. Plaintiff must submit the long form application. Plaintiff must answer all questions on the long form with more detailed and unequivocal explanations about her income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. .

### III.     MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY

      Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Since the Court denies plaintiff's IFP application and has not yet screened the complaint, the Court denies plaintiff's request to file electronically without prejudice, with leave to amend if plaintiff's case survives screening.

//

**IT IS SO ORDERED THAT:**

1. Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No.2) is **DENIED** without prejudice.

1. Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 4) is **DENIED** without prejudice. Plaintiff may renew her request to file electronically if her case survives screening.

2. By **January 19, 2026**, plaintiff shall either (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

It is so ordered.

DATED December 18, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**