UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christa Casillas, | Case No. 2:25-cv-02184-CDS-MDC |
| Plaintiff | **Order Granting Plaintiff's Motion for Entry of Default, Denying Plaintiff's Motion for Default Judgment, and Denying Defendant's Motion to Quash** |
| v. | |
| Civica Nevada Career and Collegiate Academy, et al., | |
| Defendants | [ECF Nos. 18, 20, 22] |

This is a § 1983 action brought by Christa Casillas, appearing pro se, against Civica Nevada Career and Collegiate Academy and Academica Nevada, Inc. Compl., ECF No. 9. Casillas filed a motion for entry of default and a motion for default judgment against Civica. Mots., ECF Nos. 18, 20. No responses have been filed to either of these motions; however, on March 5, 2026, Civica filed a motion to quash the motion for default. Mot. to quash., ECF No. 22. That motion is fully briefed. Resp., ECF No. 24; Reply, ECF No. 27. For the reasons explained herein, I grant Casillas's motion for entry of default and deny the remaining motions.

I.    **Legal authority**

A.  **Service of process**

Federal Rule of Civil Procedure (FRCP) 4 governs service of process in a federal action. According to that rule, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In addition, an individual may be served by "delivering a copy of the summons and complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* at 4(e)(2)(A)–(C).

Service of process in Nevada is governed by Nevada Rule of Civil Procedure 4(e). That statute provides for service on both a Nevada corporation and an individual. Service may be effected upon a Nevada corporation by delivering a copy of the summons and complaint "to the president or other head of the corporation, secretary, cashier, managing agent, or **resident agent thereof**." *Moulton v. Eugene Burger Mgmt. Corp.*, 2009 U.S. Dist. LEXIS 9902, at *6 (D. Nev. Jan. 26, 2009); Nev. R. Civ. P. 4(e)(1) (emphasis added). Accordingly, Nevada Revised Statute (NRS) § 14.020 requires that every corporation "appoint and keep in this State a registered agent who resides or is located in this State, upon whom all legal process" may be served. NRS 14.020(1). Moreover, "[a]ll legal process . . . may be served upon the registered agent . . . personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State." NRS 14.020(2). Finally, "the street address of the registered agent of a corporation . . . must be staffed during normal business hours" by either the registered agent or a person of "suitable age and discretion to receive service of legal process." NRS 14.020(3).

### B. Entry of default

FRCP 55(a) authorizes the clerk of court to enter the default of any defendant who has failed to plead or otherwise respond to claims brought against it. Fed. R. Civ. P. 55(a). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. *See id.* Federal Rule of Civil Procedure 12 requires that "a defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

## II.   Discussion

On February 17, 2026, Casillas filed a motion seeking entry of default against Civica. ECF No. 18. Therein, Casillas asserts that default is warranted because Civica was served on January 16, 2026, and more than 21 days elapsed without the filing of any responsive pleading. *See id.* A review of the executed summons reflects that Civica was served through its registered agent on January 16, 2026. *See* Ex. summons, ECF No. 17. Civica did not file an answer or other responsive pleading within the 21-day period prescribed under Rule 12. Instead, it filed a motion to quash. ECF No. 22. In that motion, Civica argues that Casillas "attempted service through a third-party agent who did not inform" Civica of the lawsuit. *Id.* at 1. Civica further asserts that its correct address is "1501 E. Carey Avenue, North Las Vegas, NV 89030," and that it never received actual notice of this action. *Id.* at 2.

In response, Casillas argues that service was proper because the summons and complaint were accepted by an office manager acting on behalf of Civica's registered agent, in accordance with NRS 14.020(2). ECF No. 24 at 3; *see also* Proof of service, Pl.'s Ex. B, ECF No. 24 at 10. To support this argument, Casillas attaches a printout of Civica's business information record from the Nevada Secretary of State's website, which lists Michael Muehele, located at 6630 Surrey Street, Las Vegas, NV 89119, as Civica's registered agent. *See* NV Sec'y of State bus. record, Pl.'s Ex. A, ECF No. 24 at 8.[1] In reply, Civica does not address Casillas's contention that it was properly served by way of its registered agent. *See* ECF No. 27. Instead, Civica argues that the court has authority to set aside default under FRCP 55(c). *See id.* at 2.

---

[1] Plaintiff is advised that attaching the exhibits as part of the motion violates Local Rule IC 2-2(3) which requires that exhibits and attachments "be attached as separate files[,]" not as part of the base document. *See* LR IC 2-2(3)(A). This means the exhibits should be filed as a separate attachment to the motion, and each exhibit should be labeled to separate them out (e.g., Exhibit A, Exhibit B, etc.). Casillas is advised that she is required to be familiar with, and to follow, all rules of this court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The local rules are available at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

As a threshold issue, I find Civica was properly served.[2] I therefore turn to whether Casillas's motion for entry of default should be granted. Given the information before me, including Civica's failure to address Casilla's argument regarding proper service, I grant the motion for entry of default.[3] However, because entry of default is step one of the two-step default judgment process, I deny Casilla's motion for default judgment. *Scoyni v. Salvador*, 2021 WL 5002213, at *2 (9th Cir. Oct. 28, 2021) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (explaining that a party is not entitled to default judgment absent compliance with Rule 55's two-step process, which "consist[s] of: (1) seeking a clerk's entry of default under Rule 55(a), and (2) filing a motion for the entry of default judgment under Rule 55(b).")).

The court notes that Civica's argument that it may set aside default under FRCP 55(c) for good cause is correct. However, given the procedural posture of this case, such relief must be requested through a properly filed motion to set aside default, not in a reply in support of its own motion to quash. Should Civica file a motion to set aside default, it will be considered and resolved in due course.

## III.   Conclusion

IT IS HEREBY ORDERED that the plaintiff's request for entry of default **[ECF No. 18] is GRANTED**, and plaintiff's motion for default judgment **[ECF No. 20] is DENIED.**

IT IS FURTHER ORDERED that defendant's motion to quash **[ECF No. 22] is DENIED.**

The Clerk of Court is kindly instructed to enter default against Civica Nevada Career and Collegiate Academy.

Dated: April 3, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] Consequently, Civica's motion to quash is denied.

[3] "While Rule 55 states that 'the clerk must enter the party's default,' a district court judge also possess the inherent power to enter a default." *United States v. Malhas*, 2020 WL 6318720, at *2 (N.D. Cal. Oct. 28, 2020) (citations omitted).