**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Christa Casillas,<br><br>                    Plaintiff,<br><br>vs.<br><br>Civica Nevada Career and Collegiate Academy, et al.,<br><br>                    Defendants. | 2:25-cv-02184-CDS-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY (ECF NO. 43) AND DENYING MOTION TO COMPEL (ECF NO. 46)** |

Pro se plaintiff filed a *Motion for Pro Se Litigant to File Electronically* ("Motion to File Electronically") and a *Motion to Compel Discovery*. *ECF Nos. 43 and 48*. The Court **GRANTS** the Motion to File Electronically and **DENIES** the Motion to Compel without prejudice because the parties failed to comply with the Court's Standing Order. *See ECF No. 1*.

I.    **LEGAL STANDARD**

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case.  Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:

1.    If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

2.  If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:

i.  A brief, joint summary of the discovery dispute not to exceed one (1) page;

ii.  A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests.  This may be done in single-spaced, 10-font.  A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention.  This joint meet-and-confer summary may not exceed two (2) pages.

iii.  An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

iv.  Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question).  The proposal may not exceed two (2) pages per side. 3. Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

3.  Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

*See Standing Order, ECF No. 1.*

Pro se plaintiffs are "expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.1986). "He who proceeds pro se with full knowledge and

understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an advocate for or to assist and guide the pro se layman through the trial thicket." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); See also *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-CWH, 2014 U.S. Dist. LEXIS 37465, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014), citing *Shahata v. W Steak Waikiki, LLC*, 2010 U.S. Dist. LEXIS 139157, 2010 WL 5559320, *8 (D. Haw. Nov. 29, 2010) (noting plaintiff's in forma pauperis and pro se status do not prohibit an award of fees).

## II.   ANALYSIS

Plaintiff states that she has internet access and an email account. *ECF No. 43*. Because the Court finds that plaintiff is capable of filing electronically, it grants the motion. The Court denies the Motion to Compel without prejudice. *ECF Nos. 46*. The parties may refile it in compliance with the Court's Standing Order if they are not able to resolve the dispute after meaningfully meeting and conferring. The Court cautions the parties that if they refuse to comply with the Standing Order and participate in the discovery resolution process provided therein, including participating in preparing the requisite discovery stipulation, they may both be subject to sanctions.

**IT IS SO ORDERED THAT:**

1. Plaintiff's *Motion to Compel* (ECF Nos. 46) is **DENIED** without prejudice.

2. Plaintiff's Motion for Pro Se Litigant to File Electronically (ECF No. 43) is **GRANTED.**

3. Plaintiff is authorized to register as a filer in this case.

4. Plaintiff shall familiarize herself with the Local Rules pertaining to filing electronically. See LR IC 2-1 and 2-2.

5. Plaintiff must submit a completed registration form available on the Court's website.

6. Plaintiff shall comply with the following procedures to activate a CM/ECF account:

a.  Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

b.  Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX

DATED June 15, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

4